58 CCPA

**AIRCRAFT RADIO CORPORATION,**
**Appellant,**

v.

**ARC SOUND LIMITED, Appellee.**
**Patent Appeal No. 8477.**

United States Court of Customs and Patent Appeals.

April 29, 1971.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] dismissing an opposition by Aircraft Radio Corp. to an application [2] by ARC Sound Limited to register the mark "ARC" for certain musical instruments and accessories therefor, and for "Phonograph Record Players and Tape Recorders and Accessories therefor; and Guitar Amplifiers, * * * and Accessories therefor." [3]

Appellant asserts that it is prior user and continued user of the trademark and trade name "ARC" in connection with its business and goods "such as or closely related * * * to" appellee's goods; that it is owner of a registration [4] of its trademark "ARC"; and that it is the prior and subsisting user of that trademark and trade name in connection with its business in mobile radio and radiotelephone equipment for use in automobiles and other vehicles. It is further asserted by appellant that, because of its extensive promotion of the trade name "ARC" in the communication and electronics fields and because appellee's goods are likely to be sold to the same classes of purchasers as appellant's goods sold under the mark "ARC", prospective purchasers are likely "to be confused or to be mistaken or deceived" into the belief that appellee's goods are the goods of appellant.

Appellant took testimony and placed documentary exhibits in evidence. Appellee took no testimony. It did file notice of reliance on a number of third party registrations but apparently no

Richard C. Browne, Washington, D. C., attorney of record, for appellant. Francis C. Browne, Andrew B. Beveridge, Joseph A. DeGrandi, Washington, D. C., of counsel.

James W. Dent, Washington, D. C., for appellee.

1. The board's opinion is reported in full at 158 USPQ 483 (1968).

2. Serial No. 212,949, filed March 1, 1965.

3. It is clear that appellant brought the opposition only because of the items set out in quotations and not because of the various musical instruments which are also named in the application.

4. Registration No. 760,933, issued December 3, 1963, for goods designated as "Airborne Communication Equipment" and "Airborne Navigation Equipment." First use is asserted at least as early as November 1943.

longer urges that they are significant in this case.

Appellee having introduced no evidence on the point, the earliest date it can rely on for first use is its March 1, 1965 filing date. See J. C. Hall Co. v. Hallmark Cards, Inc., 340 F.2d 960, 52 CCPA 981 (1965).

The board found the record to show that, since long prior to appellee's date of first use, appellant had used the designation "ARC" as a corporate symbol and as a trademark for airborne communication and navigation equipment, the bulk of which had been sold to the military. It further found that appellant in 1961–1962 extended the use of "ARC" to mobile communication equipment for boats, cars, homes and offices, including such equipment as portable two-way radio sets, marine radiotelephones, private telephone systems, dash-mounted mobile radios, base station systems, truck-mounted mobile radios, car telephones and the like, which contain receivers, transmitters, speakers, audio amplifiers, antennae, and power supplies. Appellee does not challenge those findings. Neither does it express disagreement with the board's conclusion that the record supports appellant's claim to prior use of the mark for both its airborne equipment and its mobile and portable communication equipment sold for use in homes, offices, boats and motor vehicles.

It is also revealed by the record that sales of "ARC" products by appellant were in excess of ten million dollars a year from 1959 through 1966. During the same period, appellant's advertising expenditures exceeded one half million dollars.

The board considered the sole issue before it to be "whether or not the goods of the parties are of such a nature that their sale under the identical mark 'ARC' is likely to cause confusion as to source." In concluding that such confusion was not likely, the board found that appellant had failed to meet its "burden", which was described as

> to establish a relationship between the goods of the parties either as to their physical characteristics, their channels of trade, or classes of purchasers, or to show that other facts and circumstances exist that might lead purchasers to assume because of the common usage of the mark "ARC" that these goods have a common source.

■ We agree with the board as to the issue. We also agree that appellant has the burden of demonstrating that the facts and circumstances are such as to warrant the conclusion that there exists a likelihood of confusion as to source. However, we cannot agree with the board's conclusion from the facts it found that appellant had failed to meet that burden.

The goods of both parties relevant to the issue are electronic products which involve the reproduction of sound. Both product lines contain amplifiers and speakers. The expansion of appellant into communication equipment for boats, cars, homes and offices, which apparently began in 1961, brought it into fields we consider to be closely related to the field of electronic products made by appellee. It seems to us that those who buy and use those products of appellant, even if only as an adjunct to their work or business, must be considered potential purchasers of goods such as record players and tape recorders.

■ Emphasizing that the mark of appellee is identical to that of appellant, we think it clear that a likelihood of confusion exists. It seems inescapable that those familiar with appellant's communication equipment for vehicles, office and home, upon encountering record players, tape recorders and guitar amplifiers offered for sale under the same mark as appellant's trademark and trade name, would be likely to think that they were the products of appellant.

■ The board in its opinion and appellee in its brief stress the failure of appellant to show that its products are sold through the same trade channels and dealers as those of appellee. We do not think this point is controlling. Confusion as to source requires only that the product of one producer be thought to be

that of another. Such a mistake may well be likely even when the outlets are different if the respective products, as here, have characteristics which suggest that they may come from the same producer and the identical mark is used by both parties. It may well be that appellee's record players, tape recorders and guitar amplifiers are presently sold only in music-store type outlets which do not handle communication equipment for home or office. However, such a fact cannot be accorded controlling weight since present sales and methods of distribution are not conclusive but are subject to change. See J. C. Hall Co. v. Hallmark Cards, Inc., *supra*; and Tac Technical Instrument Corp. v. Fischer and Porter Co., 433 F.2d 827, 58 CCPA (1970). Tape recorders, as an example, are used for business and professional purposes and might well be sold in the future through the same channels as appellant's communication equipment for office and home.

The decision of the board is reversed.

Reversed.